# IN THE COURT OF APPEALS OF IOWA

No. 22-0168
Filed August 3, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHAD A. BRADFORD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Tabitha Turner, District Associate Judge.

A defendant appeals his guilty plea. **AFFIRMED.**

Austin Jungblut of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Chad Bradford challenges his guilty plea for domestic abuse assault causing bodily injury. Bradford alleges the district court's failure to advise him of the right to move in arrest of judgment provides good cause to file a direct appeal. He also alleges the district court's (1) incorrect recitation of the minimum fine and (2) failure to advise him of two surcharges require that his judgment be vacated. We find good cause for Bradford's direct appeal but determine Bradford has not demonstrated that he more likely than not would have declined to enter a plea of guilty if the procedural defect had not occurred. We affirm.

## I.      Background Facts & Proceedings

A complaint filed by the State alleged Bradford and his fiancé were in an argument on December 5, 2021, which resulted in him head-butting his fiancé. The State charged him with one count of domestic abuse assault with intent to inflict serious injury, in violation of Iowa Code sections 708.1(2)(a) and 708.2A(2)(c) (2021), and one count of domestic abuse assault causing injury or mental illness, in violation of sections 708.1(2)(a) and 708.2A(2)(b). Bradford was also alleged to have violated a no-contact order.

A combined plea and sentencing hearing was scheduled for December 29, 2021, after the parties reached a plea agreement. The plea agreement called for Bradford to plead guilty to one count of domestic abuse assault causing bodily injury or mental illness, in violation of sections 708.1(2)(a) and 708.2A(2)(b), a serious misdemeanor, in exchange for the remaining charges being dismissed.

Bradford waived his right to be personally present at the sentencing hearing.[1] At this combined plea and sentencing hearing, the court sought to confirm that Bradford was knowingly and voluntarily waiving his constitutional right to a jury trial. Bradford responded, "That's not what I want to do, but that's what I'm willing to do, Your Honor." He clarified that he would go forward with the plea agreement. After confirming the factual basis for the plea, the court informed Bradford of the minimum and maximum fines possible pursuant to the plea deal. The court mistakenly informed Bradford that the minimum fine was higher than that established by statute. The court also omitted two surcharges Bradford would need to pay. Finally, the court failed to inform Bradford of the necessity to move in arrest of judgment if he wished to challenge his guilty plea.

The court sentenced Bradford to one year in jail, suspended the sentence, and placed him on probation for one year. The court fined him $430.00, with the fifteen-percent surcharge under section 911.1(1).[2] The court suspended the fine. Finally, the court ordered Bradford to pay the domestic abuse crime surcharge under section 911.2B. Bradford appeals.

## II.     Standard of Review

"We review challenges to plea proceedings for correction of errors at law." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).

---

[1] Bradford was incarcerated in Polk County Jail and appeared telephonically.
[2] The court's oral sentencing pronouncement and written sentencing order reference the fine of $430.00. Both the fine and fifteen-percent surcharge were suspended. The domestic abuse surcharge was not suspended.

## III. Discussion

First, we are asked to address whether Bradford has good cause to file a direct appeal of his guilty plea following the failure of the district court to advise a defendant of the right to move in arrest of judgment. If so, we must then address whether the district court's pronouncement of an incorrect minimum fine and the absence of the advisory of two surcharges under a newly enacted statute requires that we vacate Bradford's conviction. On this record, we determine reversal of the conviction pursuant to Iowa Code section 814.29 is not required.

### A. Good Cause

We must determine whether Bradford has good cause to appeal. Iowa Code section 814.6(1)(a)(3) requires a defendant appealing their guilty plea to establish good cause. Our supreme court has held that "good cause" is context specific, but must be "[a] legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

A defendant appealing their guilty plea who did not move in arrest of judgment is generally prohibited from appealing because the appellate court would be unable to provide relief. *See id.*; *see also* Iowa R. Crim P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's rights to assert such challenge on appeal").[3] But "we have recognized a defendant may challenge his guilty plea

---

[3] A failure to file a motion in arrest of judgment has been held to preclude appellate relief both as a failure to preserve error and a failure to present good cause. *See*

on appeal despite not filing a motion in arrest of judgment where the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment." *Treptow*, 960 N.W.2d at 109. The State does not dispute that the district court failed to comply with rule 2.8(2)(d) by neglecting to advise of the right to file a motion in arrest of judgment and the consequences of not filing the same.[4] With this omission by the district court, we conclude Bradford has good cause to appeal.

### B. Validity of Plea

Bradford claims he did not enter into his plea knowingly and voluntarily because the court incorrectly cited the mandatory minimum fine and failed to advise concerning two surcharges Bradford faced, in particular a ninety-dollar domestic abuse surcharge and a fifteen-percent surcharge assessed on the fine. A court must explain "the mandatory minimum punishment" a defendant faces during a plea proceeding. Iowa R. Crim. P. 2.8(2)(b)(2). And our courts have recognized that surcharges can constitute a punishment. *Fisher*, 877 N.W.2d at

---

*State v. Schulte*, No. 20-1092, 2021 WL 4889069, at *1 n.1 (Iowa Ct. App. Oct. 20, 2021). The State concedes Bradford was not required to preserve error based on the district court's failure to inform him of the need to file a motion in arrest of judgment pursuant to Iowa Rule of Criminal Procedure 2.8(2)(d). *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (quoting *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980)) ("No defendant . . . should suffer the sanction of rule [2.24(3)(a)] unless the court has complied with rule [2.8(2)(d)] during the plea proceedings" (alteration in original)).

[4] The State argues that the amendment to Iowa Code section 814.6(2)(f) requires that the defendant apply for discretionary review and meet the applicable standard, in that the cases that allow a direct appeal from a guilty plea due to the failure to advise of the right to file a motion in arrest of judgment predate the amendment. But the amended code section addresses the grant of discretionary review from an order denying a motion in arrest of judgment. That is not the procedural posture in the instant case.

685-86. A failure by the court to substantially comply with that requirement constitutes a procedural defect in the proceedings. *See Weitzel*, 905 N.W.2d at 408. The State concedes the district court failed to accurately identify the minimum fine and failed to mention two surcharges during the plea proceedings. By failing to address the issue, the court violated rule 2.8(2)(b)(2). *See id.* at 409 ("The district court's outright and wholesale omission regarding the criminal penalty surcharges cannot pass the substantial compliance threshold. . . .").

But what remedy, if any, is warranted under the newly enacted statute? Bradford contends the error requires we vacate his judgment and sentence. *See id.* (finding that the proper remedy for a violation of rule 2.8(2)(b)(2) is "mandatory automatic reversal"). In contrast, the State claims the matter is controlled by section 814.29, which requires "a defendant challeng[ing] a guilty plea based on an alleged defect in the plea proceeding" to demonstrate that they "more likely than not would not have pled guilty if the defect had not occurred."

We agree with the State that section 814.29 applies to Bradford's claim. The cases that identify mandatory reversal as the proper remedy originate before the legislature's omnibus crime bill, S.F. 589, which went into effect July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 227 (Iowa 2019) (identifying the date that the bill went into effect). Section 814.29 altered the remedy for violations of procedural defects in plea proceedings. Given the date of Bradford's plea and sentencing hearing, we conclude that section 814.29 controls Bradford's claim.

And Bradford makes no attempt to demonstrate that he more likely than not would not have pled guilty if the defect had not occurred. Even in the absence of the argument, the record reflects that he desired to plead guilty regardless of the

fines imposed. First, upon the court explaining that it could continue the case to allow Bradford to confer with his attorney before sentencing, Bradford responded, "No. I need to get back home to [his fiancé]. She's homeless. I need to get back to her so I can take care of her. So I can't continue this anymore." When asked if he wanted to waive his constitutional rights to a jury trial by pleading guilty, he informed the court, "That's not what I want to do, but that's what I'm willing to do, Your Honor." Thus, Bradford desired to plead guilty in order to resolve his pending charges. He has not demonstrated that being informed of a lesser fine and two additional surcharges would have altered that decision-making.

Particularly persuasive is that the district court erroneously informed Bradford that the minimum fine would be higher than the fine that was imposed.[5] The district court informed Bradford that the minimum fine was $850.00. But the minimum fine for a serious misdemeanor is $430.00. *See* Iowa Code § 903.1(1)(b). The court imposed a fine of $430.00 and suspended that fine. After including the fifteen percent surcharge under section 911.1(1) and the ninety-dollar domestic abuse surcharge pursuant to section 911.2B, Bradford's fine and surcharges amounted to $584.50, the majority of which was suspended by the court. It is illogical to believe Bradford would not have pled guilty when he is required to pay less than what he believed would be imposed. We determine that Bradford has not demonstrated that he more likely than not would have declined to enter a plea of guilty if the procedural defect had not occurred.

**AFFIRMED.**

---

[5] We do not determine the outcome under Iowa Code section 814.29 if the district court had advised the defendant of a lower fine but imposed a higher fine.